IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK IRVIN MOPPINS,

        Petitioner,                      No. CIV S-08-CV-2243 MCE CHS P

    vs.

D. K. SISTO, Warden, et al.,

        Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

## I. INTRODUCTION

Petitioner, Frank Irvin Moppins, is a former state prisoner proceeding *pro se* with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner challenges the February 13, 2007 decision of the California Board of Parole Hearings ("the Board") finding him unsuitable for parole, and seeks, *inter alia*, a reversal of that decision and his immediate release from his allegedly unconstitutional confinement. *See* Traverse, filed February 13, 2009, at 26. Following the filing of this petition, Petitioner was granted a parole release date at a subsequent parole suitability hearing and, in fact, was released on parole on October 19, 2009. Given that Petitioner appears to have received all the relief he requested, the court issued an order requiring Petitioner to show cause within twenty days why his petition should not be dismissed as moot. Petitioner failed to respond to this order. Accordingly, IT IS HEREBY RECOMMENDED that this action be

1

dismissed for failure to prosecute. FED. R. CIV. P. 41(b).

## II. BACKGROUND

In January of 1983, Petitioner was convicted in the San Joaquin County Superior Court for first degree murder committed while engaged in a robbery and the robbery itself. Petitioner was sentenced to an indeterminate term of twenty-five years to life in prison. The criminal acts underlying Petitioner's convictions took place on December 6, 1980. Petitioner's minimum eligible parole release date passed on February 19, 1996.

On December 14, 2005, Petitioner appeared before the Board for a parole suitability hearing in which he was granted a parole release date. The Board's decision, however, was reversed by the Governor upon review. Petitioner appeared for a subsequent parole suitability hearing on February 13, 2007. After considering numerous positive and negative suitability factors, the Board concluded that Petitioner would pose an unreasonable risk of danger to society if released, and found him unsuitable for parole. It is the latter decision of the Board that is the subject of the petition at bar.

While this petition for federal *habeas corpus* relief was pending, another subsequent parole hearing was held, and Petitioner was again granted a parole release date. This time, the Governor declined to review the Board's decision. Petitioner was released from prison on October 19, 2009 and remains on parole. On November 11, 2009, Respondent notified the court of Petitioner's release, but has not moved to dismiss the pending petition. On September 13, 2010, this court ordered Petitioner to show cause within twenty days why his pending petition should not be dismissed as moot. Petitioner was also warned that failure to timely respond or comply with the court's orders would result in a dismissal of his petition for failure to prosecute, pursuant to FED. R. CIV. P. 41(b). Petitioner did not respond to the court's order and, in fact, has had no communication with the court regarding his pending petition for writ of *habeas corpus* since filing his traverse on February 18, 2009.

/////


## III. DISCUSSION

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for failure to prosecute, failure to comply with a court order, or failure to comply with local rules, the court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130.

In this case, the first two factors, the public's interest in expeditiously resolving litigation and the court's interest in managing the docket, weigh in favor of dismissal. This case has been pending since September 24, 2008 and approximately one month has passed since the expiration of the October 6, 2010 deadline for Petitioner to file his response required by the court's September 13, 2010 order to show cause. To date, Petitioner has not filed his response, has not requested an extension of time to file a response, and has not communicated with the court in any way to explain his lack of compliance with the court's order, thus hindering the court's ability to resolve this litigation and manage its docket.

The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal,

since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Where, as here, Petitioner has offered no excuse for his failure to respond to the court's order, the prejudice factor favors dismissal of the action. *Yourish v. California Amplifier*, 191 F.3d 983, 991-92 (9th Cir. 1999). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Further, Petitioner's failure to comply with the court's order strongly suggests that additional time spent by the court on this case will consume scarce judicial resources in addressing litigation which Petitioner has now demonstrated little intention to diligently pursue.

Finally, given Petitioner's noncompliance with the court's September 13, 2010 order, no lesser sanction is feasible. Providing Petitioner with an opportunity to show cause why his petition should not be dismissed as moot "constituted an attempt at a less drastic sanction to that of outright dismissal." *Ferdik*, 963 F.2d at 1262. Moreover, Petitioner was warned that his failure to obey with the court's order would result in dismissal of his petition, and this satisfies the "consideration of the alternatives" requirement. *Id*; *Malone*, 833 F.2d at 132-33. The court's September 13, 2010 order expressly stated as follows:

> Petitioner bears the responsibility of prosecuting this case. Petitioner is obligated to inform the court and Respondent of any change of address and must comply with the court's orders in a timely manner. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Order to Show Cause, Sept. 13, 2010, ECF No. 15. Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the court's order.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's petition for writ of *habeas corpus* be DISMISSED. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be

4

captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed and served within seven days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 4, 2010.

*/s/ Charlene H. Sorrentino*
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE